# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 18, 2013

No. 12-60882
Summary Calendar

Lyle W. Cayce
Clerk

MINGHAI ZHANG,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 850 858

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Minghai Zhang, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his application for asylum and withholding of removal. Zhang contends the IJ and BIA erred in concluding he had not met his burden of establishing the required nexus between any past or feared harm on account of his membership in a particular social group. He asserts his purported social group of union members at the company where he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

worked and organized a protest had the requisite common immutable characteristics, social visibility, and particularity to constitute a particular social group under the Immigration and Nationality Act. Zhang also contends the IJ and BIA erred in concluding he failed to establish his treatment was due to an actual or imputed political opinion.

We review the BIA's decision, as well as the immigration judge's decision to the extent it influenced the BIA. *E.g.*, *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). The BIA's legal conclusions are reviewed *de novo*; its findings of fact, under the substantial-evidence test. *Id.* The BIA's determining an alien is not eligible for asylum is a factual finding reviewed under the above-referenced substantial-evidence test, *e.g.*, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006), which "requires only that the [BIA's] conclusion be based upon the evidence presented and that it be substantially reasonable", *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996) (quotation marks and citation omitted). The BIA's determination will be affirmed "unless the evidence compels a contrary conclusion". *Id.*

The Secretary of Homeland Security or the Attorney General may grant asylum to aliens who qualify as refugees. 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as, *inter alia*, a person who is outside of his or her country and is "unable or unwilling to return . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion". 8 U.S.C. § 1101(a)(42)(A). "The applicant may qualify as a refugee either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution." 8 C.F.R. § 208.13(b). Moreover, the "alien must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least *one central reason for persecuting* the applicant". *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

The BIA's finding Zhang's purported social group lacked the requisite common immutable characteristics, social visibility, and particularity is supported by substantial evidence, and the record does not compel a contrary conclusion. *E.g.*, *Chen*, 470 F.3d at 1134. Because Zhang could and did change his place of employment, his being a union member who chose to protest corruption at the Shengyuan Food Limited Company was neither beyond his power to change nor so fundamental to his identity or conscience that it should not be changed. *E.g.*, *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006) (characteristic not immutable if not fundamental to identity or conscience). Although union members where Zhang worked and where he organized a protest may have been visible to city residents on the day of the protest, there was no evidence they would be perceived as a recognizable group by Chinese society at any other time. *E.g.*, *In re S-E-G-*, 24 I. & N. Dec. 579, 586-88 (BIA 2008).

Moreover, even if Zhang was a member of a particular social group, the record does not compel finding his membership in that group or his political opinion was a central reason for his arrest and detention. *E.g.*, *Shaikh*, 588 F.3d at 864. The record reflects Zhang was arrested, detained, and mistreated for purportedly disturbing the social order. Although he maintains his mistreatment was due to his organizing and leading the protest against corruption at the company, Zhang acknowledged he mobilized approximately 100 employees to forgo work and engage in a sit-in protest near the city government office without inquiring whether a permit was needed. He further acknowledged that no other protesters were detained, and he had not heard of others being punished for engaging in public protests. That no other union members who participated in the protest were mistreated suggests Zhang's arrest and detention were not on account of his group membership or political opinion. *E.g.*, *Mwembie*, 443 F.3d at 414; *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 353 (5th Cir. 2002).

Finally, Zhang has abandoned any challenge to the denial of his withholding-of-removal claim by failing to adequately brief the issue. *See, e.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

DENIED.